## MÉNDEZ *v.* THE ADMINSTRATION OF PORTO RICO.

## APPEAL from the District Court of San Juan.

### No. 7.—Decided January 15, 1904.

TAXES—POWER OF THE TREASURER TO MODIFY TAX LAWS.—Under the Foraker Act the Treasurer of Porto Rico has no power to make any additions to the taxes established by General Order No. 176, series of 1899, inasmuch as only the legislative authority provided for Porto Rico by said act has power to modify the same or make any additions thereto.

ID.—OPERATION OF REVENUE LAWS.—The laws and other provisions in the matter of imposts and revenues have no extra-territorial character, being confined in their operation to the territorial limits of the state enacting them.

ID.—MANUFACTURERS.—The word "manufacturer," as used in the fourth paragraph of General Order 176, series of 1899, has no application to the foreign manufacturers of alcoholic liquors.

ID.—POWER TO TAX FOREIGN MANUFACTURERS.—Although the state may indirectly tax foreign manufacturers of alcoholic liquors, the adequate manner of doing this is by compelling importers to pay the imposts through definite legal provisions.

### STATEMENT OF THE CASE.

This is an appeal pending before us, the parties to which are the Attorney General of Porto Rico, represented and de-

Puerto Rico, representado y defendido por el Letrado Señor Don Emilio del Toro, el Fiscal, y de la otra Don Antonio Méndez, en su carácter de Presidente del Centro de Detallistas, representado y defendido por el Letrado Señor Don Jacinto Texidor, contra la sentencia de la Corte de Distrito de San Juan, de cuatro de Mayo de mil novecientos tres, recaida en recurso contencioso administrativo, y que copiada literalmente dice así:

"Sentencia.—En la ciudad de San Juan de Puerto Rico á cuatro de Mayo de mil novecientos tres. Visto este recurso contencioso administrativo seguido por Don Antonio Méndez, Presidente del Centro de detallistas, dirigido y representado primeramente por el Licenciado Don Herminio Diaz Navarro y después por el Letrado Don Jacinto Texidor, contra la Administración representada por el Acting Attorney General, sobre resolución del Honorable Tesorero de Puerto Rico. 1.—*Resultando*: que en la Gaceta de 5 de Junio de 1900 que en autos consta, se publicó la circular número 8 del Tesorero, fechada en 4 de dicho mes, expresando: que la contribucion de Rentas Internas sobre licores alcohólicos impuesta por virtud de la Orden General número 176, serie de 1899, y del acta del Congreso aprobada en 12 de Abril de 1900, se pagará á no ser que ya se hubiese recaudado, por todos los licores alcohólicos fabricados en Puerto Rico ó importados en Puerto Rico, mediante la fijación de un sello de Rentas Internas de tres centavos por cada litro ó fracción de litro, en cada envase que contenga más de un litro; debiendo llevar puestos los sellos cada botella de las expuestas al público para la venta al detalle y los para venta al por mayor deben comprar y guardar los sellos para en cada venta entregar los sellos correspondientes. 2.—*Resultando*: que á; nombre de Don Antonio Méndez, Presidente del Centro de Detallistas, acompañando dicha Gaceta interpuso recurso contencioso-administrativo contra dicha circular, y en 23 de Marzo de 1901 demanda contra dicha resolución pidiendo se anule por ser contraria á la Ley y que no ha podido decretarse ni cobrarse el impuesto á que la misma se refiere, sentando como hechos: la circular mencionada y su contenido; que Méndez acudió en alzada al Gobernador contra ella como lo prueban las comunicaciones de 12 y 16 de Julio que en autos obran, sin éxito en la reclamación; siendo el derecho el párrafo 4º de la Orden General

fended by Emilio del Toro, Esq., *Fiscal,* and Antonio Méndez, acting in the capacity of president of the "Centro de Detallistas" (Retailers' Organization), represented and defended by Jacinto Texidor, Esq., from the judgment rendered by the District Court of San Juan, May 4, 1903, in litigative-administrative proceedings, which judgment is word for word as follows:

"Judgment.—In the city of San Juan, Porto Rico, May fourth, one thousand nine hundred and three. In the matter of these litigative-administrative proceedings instituted by Antonio Méndez, president of the 'Centro de Detallistas' represented, first by Herminio Díaz Navarro, Esq., and afterwards by Jacinto Texidor, Esq., against the Administration, represented by the Acting Attorney-General, concerning a decision of the Treasurer of Porto Rico.

"In the Gazette of June 5, 1900, which appears in the record, circular No. 8 of the Treasurer, dated June 4, was published stating that the internal-revenue tax on alcoholic liquors imposed by virtue of General Order No. 176, series of 1899, and by the act of Congress, approved April 12, 1900, should be paid, unless theretofore collected, on all alcoholic liquors manufactured in Porto Rico or imported into Porto Rico, by the affixture of a three-cent internal-revenue stamp for each litre or fraction of litre on every package containing more than one litre; and each bottle exposed to the public for retail sale should bear the stamps, and the proper stamps should be purchased and retained for delivery at each sale of packages intended for sale at wholesale.

"A litigative-administrative appeal, accompanied by a copy of the said Gazette, was taken from said circular in the name of Antonio Méndez, president of the 'Centro de Detallistas'; and on March 23, 1901, proceedings were instituted for the annulment of said circular on the ground that it was contrary to law and that the tax referred to therein could not be levied or collected, the following being found as facts: The circular and its contents; that Méndez took an appeal therefrom to the Governor, as established by the communications of the 12th and 16th of July, attached to the record, which appeal was unsuccessful; the law on the subject being found in paragraph 4 of General Order No 176 of No-

número 176 de 7 de Noviembre de 1899; que ni esa Orden ni la Ley
Foraker se refieren á los licores introducidos en el país con anteriori-
dad á la promulgación de dichas leyes ni á los que se siguieran im-
portando del extranjero; que para aplicarlas era preciso las hubiera
acordado el Congreso de los Estados Unidos ó las Cámaras Insulares;
que las bebidas existentes en el país al publicarse el Bill Foraker
no estaban ni podían estar sujetas á nuevos tributos porque ni la
Orden General ni el Bill dicén una palabra sobre ello por no tener
las leyes efecto retroactivo, por que esas bebidas importadas antes
habían pagado toda clase de contribuciones, entre ellas, en los Fiela-
tos Municipales los de consumo y el recargo de cincuenta por ciento
sobre Arancel, según Orden publicada en 9 de Noviembre de 1899.
3.—*Resultando*: que el Ministerio Fiscal contestó se declarara sin
lugar la demanda, sentando los hechos siguientes: el párrafo 4º de
la Orden General número 176 de 7 de Noviembre de 1899; que al
llevarse á la práctica esa Orden General se suscitaron dudas, resol-
viendose las consultas, y la Tesorería con facultades dictó la circular
número 5 de 24 de Mayo de 1900 y la número 8 de 4 de Junio del
mismo año, citando esta última integramente, que contra esta cir-
cular número 8 se ha interpuesto el recurso; citando como derecho:
la circular, que no se opone al párrafo 4º de la Orden General número
176 de 1899; que esa circular no aplica nuevas contribuciones, y lo
único que exceptúa la Orden General antes mencionada es el licor
que se exportó, y por ello la resolución recurrida está dictada en
uso de sus legítimas facultades y en pró de los intereses del Tesoro,
sin violar derecho alguno.    4.—*Resultando*: que abierto á prueba el
pleito, renunció el actor la prueba y no habiendo propuesto ninguna
el Ministerio Fiscal, señalado día para la vista, previos los trámites
legales, informaron las partes lo que creyeron conveniente á sus de-
rechos. Siendo Ponente el Juez Presidente Don Juan Morera Mar-
tínez.    1.—*Considerando*: que dictada por el Senado y el Congreso
de los Estados Unidos en 12 de Abril de 1900 la Ley para proveer
temporalmente de Rentas y un Gobierno Civil á la Isla de Puerto
Rico, la que empezó á regir el primero de Mayo de 1900, disponiendo
la Sección 8ª. de ella quedaban en vigor las leyes y ordenanzas de
Puerto Rico, excepto en lo que fueran enmendadas, alteradas ó
modificadas por la misma, ó alteradas ó modificadas por las Ordenes
militares, hasta que sean alteradas enmendadas ó revocadas por la
autoridad legislativa creada por la repetida ley para Puerto Rico,
ó por una ley del Congreso de los Estados Unidos.    2.—*Conside-*

vember 7, 1899; that neither that order nor the Foraker Act refers to liquors introduced into the country prior to the promulgation of said laws, nor to those which continued to be imported from foreign countries; that in order that the same should be applied it was necessary that it should have been ordered by the Congress of the United States or the Insular Legislature; that the liquors found in the country when the Foraker Act was promulgated could not be subjected to additional taxes, because both the general order and the act are silent with reference thereto, for the reason that laws do not have a retroactive effect, and because said liquors previously imported had paid all taxes, and among them, the local consumption tax and the surcharge of fifty per cent. on the customs tariff, according to order published November 9, 1899.

"In his answer the Attorney-General asked that the complaint be dismissed, pleading the following facts: Paragraph 4 of General Order No. 176 of November 7, 1899; that upon carrying into effect the said general order some doubts arose which were decided after consultation, and the Treasury, being authorized therefor, issued circulars No. 5 of May 24, 1900, and No. 8 of June 4 of the same year, the latter being quoted in full; that the appeal was directed against said circular No. 8; the legal authority being: The circular in question, the same not conflicting with paragraph 4 of General Order No. 176 of 1899; that said circular does not impose new taxes, the only exception made in aforesaid general order being of liquors that had been exported; and therefore the decision appealed from has been issued in the exercise of lawful authority and in furtherance of the interests of the Treasury, without violating any right whatsoever.

"That the case having been opened for the reception of evidence, and the same having been waived by the plaintiff, and none having been offered by the office of the Attorney-General, a day was set for the hearing in compliance with legal formalities, when the parties pleaded such matters as they deemed conducive to their rights.

"Presiding Judge Juan Morera Martínez rendered the following judgment:

"On April 12, 1900, the Senate and Congress of the United States enacted the law temporarily to provide revenues and a civil government for Porto Rico, which went into effect on May 1, 1900, section 8 whereof provided that the laws and ordinances of Porto Rico continued in force, except as amended, altered or modified by the same, or as altered or modified by military orders, until altered,

*rando*: que en 4 de Junio de 1900 la Tesorería no tenía facultades, dado el razonamiento anterior, para adicionar los impuestos establecidos en la orden general de 7 de Noviembre de 1899, por tener solo derecho á modificarla, ampliarla ó adicionarla la autoridad legislativa de la Isla creada por dicha ley de 12 de Abril de 1900, como lo hizo en 31 de Enero de 1901 la mencionada autoridad legislativa con la "Ley para proveer de rentas al Pueblo de Puerto Rico y para otros fines". 3.—*Considerando*: que la circular de 4 de Junio referida vulneró un derecho adquirido por los reclamantes tenedores de bebidas alcohólicas importadas, imponiendoles una contribución á que no estaban afectas en la época de la introducción, pues la frase "fabricantes" usada en el párrafo 4o. de la Orden General número 176 de 1899 no puede incluir á los fabricantes extranjeros á los efectos de exijirles el pago de un impuesto por líquidos alcohólicos fabricados fuera de Puerto Rico, pues las leyes y demás disposiciones en materia de impuestos y rentas no tienen carácter de extraterritoriales, estando circunscritos sus efectos á los límites territoriales del Estado que las decreta, y si bien indirectamente puede gravar la fabricación extranjera, el medio adecuado de realizarlo es obligando á los importadores al pago de los impuestos mediante prescripción legal terminante, que no existe en la orden general citada de 7 de Noviembre de 1899. *Fallamos*: que debemos declarar y declaramos con lugar la demanda contencioso-administrativa y en su virtud debemos anular y anulamos la circular número 8, publicada en la Gaceta Oficial número 129 de cinco de Junio de 1900, en lo que se refiere á los licores importados en este Isla, que dicha circular menciona, sin especial condena de costas. Así por esta nuestra sentencia, definitivamente juzgando, lo pronunciamos, mandamos y firmamos".

*Resultando*: que notificada esta sentencia á las partes, la representación del Honorable Attorney-General, interpuso contra la misma recurso de apelación, que fué admitido para ante este Tribunal Supremo, con citación y emplazamiento de las partes, lo que tuvo lugar en los días 13 y 12 de Mayo de 1903, á la parte recurrente y al Sr. Méndez respectivamente.

*Resultando*: que elevadas á este Tribunal las actuaciones de primera instancia, compareció el Fiscal á sostener el re-

amended or repealed by the legislative authority created by said act for Porto Rico, or by act of the Congress of the United States.

"On June 4, 1900, the Treasurer had no power, according to the foregoing reasoning, to make any addition to the taxes established by General Order of November 7, 1899, inasmuch as only the legislative authority created for the Island by said act of April 12, 1900, had power to modify or enlarge the same, or make any addition thereto, as was done by said legislative authority on January 31, 1901, through an 'Act to provide revenues for the People of Porto Rico, and for other purposes.'

"The aforesaid circular of June 4 violated a right acquired by the claimants who had on hand imported alcoholic liquors, inasmuch as it imposed upon them a tax to which said liquors were not subject at the time of their importation; for the word 'manufacturers,' as used in paragraph 4 of General Order No. 176 of 1899, can not include foreign manufacturers for the purposes of exacting an impost on alcoholic liquors manufactured outside of Porto Rico, as the laws and other provisions in the matter of imposts and revenues have no extra-territorial character, being circumscribed in their operation to the territorial limits of the state enacting them; and although the latter may indirectly tax foreign manufacturers, the appropriate manner of doing this is by compelling importers to pay the imposts through definite legal provisions, which are not to be found in the aforesaid General Order of November 7, 1899.

"We adjudge that we should sustain and do sustain the administrative complaint, and accordingly, circular No. 8, published in the Official Gazette No. 129, of June 15, 1900, is annulled in so far as liquors imported to the island mentioned therein are concerned, without special imposition of costs.

"Thus by this our decision, finally adjudging, do we hold, order and sign "

Notice of the above judgment having been served upon the parties, counsel for the Attorney General took an appeal therefrom to the Supreme Court, which was allowed, the appellant and the respondent, Méndez, being cited respectively on the 12th and 13th of May, 1903.

The record of proceedings in first instance was forwarded to this court, the *Fiscal* appearing for the purpose of sustain-

curso á nombre del Honorable Attorney-General de Puerto Rico, así como también el Sr. Jacinto Texidor, á sostener los derechos del Sr. Antonio Méndez en su carácter de Presidente del Centro de Detallistas, á quienes se tuvo por comparecidos y se mandó redactar la correspondiente nota que se puso de manifiesto á las partes, y se señaló día para la vista que tuvo lugar el 3 de Diciembre de 1903, con informe oral del Fiscal, y de la parte apelada.

Abogado del apelante: *Sr. del Toro,* Fiscal.

Abogado del apelado: *Sr. Texidor.*

EL JUEZ ASOCIADO SR. MacLEARY, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Aceptando* los fundamentos de hecho y de derecho de la sentencia apelada, y además;

*Considerando:* que el Tribunal de Distrito de San Juan no ha incurrido en error alguno en la decisión de esta causa, según se consigna en la sentencia anteriormente inserta en la presente.

*Fallamos:* que debemos confirmar y confirmamos la sentencia dictada en el Tribunal de Distrito de San Juan de 4 de Mayo de 1903, sin especial condena de las costas.

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Hernández, Figueras y Sulzbacher.

---

DIAZ CANEJA *v.* EL REGISTRADOR DE LA PROPIEDAD.

Recurso gubernativo contra nota del Fiscal del Distrito de Humacao en funciones de Registrador de la Propiedad.

No. 7.—Resuelto en Enero 21, 1904.

DERECHOS REALES.—TRASLADO DE LOS MISMOS AL MODERNO REGISTRO.—TERCEROS.—Aunque los Artículos 397 de la Ley Hipotecaria y 449 de su Reglamento, disponen que el traslado de los derechos reales anotados en el antíguo oficio de Hipotecas á los libros del Moderno Registro de la Propiedad, debia solicitarse dentro del año siguiente á la publicación de dicha ley, esto

ing the appeal on behalf of the Attorney General, and Jacinto Texidor, Esq., in representation of Antonio Méndez, as president of the "Centro de Detallistas." Their appearance being duly entered, the proper memorandum was ordered to be drawn and exhibited to the parties, and a day was set for the hearing, which took place on December 3, 1903, when both the *Fiscal* and the respondent presented their arguments.

*Mr. del Toro, Fiscal,* for appellant.

*Mr. Texidor,* for respondent.

MR. JUSTICE MacLEARY, after making the above statement of facts, delivered the opinion of the court.

The findings of fact and conclusions of law on which the judgment appealed from is based are accepted.

The District Court of San Juan having committed no error in its decision of this case, as contained in the above judgment, we hold that we should affirm and do affirm the judgment rendered by the District Court of San Juan, on May 4, 1903, without special imposition of costs.

Chief Justice Quiñones and Justices Hernández, Figueras and Sulzbacher concurred.